IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>YARWAY CORPORATION,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 13-11025 (BLS)<br><br>Objection Deadline: May 22, 2013 at 4:00 p.m. (ET)<br>Hearing Date: May 29, 2013 at 11:00 a.m. (ET) |

**APPLICATION FOR ORDER AUTHORIZING THE PROPOSED FUTURE
CLAIMANTS' REPRESENTATIVE TO RETAIN AND EMPLOY
YOUNG CONAWAY STARGATT & TAYLOR, LLP AS HIS ATTORNEYS
*NUNC PRO TUNC* TO APRIL 22, 2013**

James L. Patton, Jr. (the "Future Claimants' Representative"), as the proposed legal representative for persons that have not yet asserted an asbestos-related personal injury claim against the Debtor but may in the future assert such a claim (the "Future Claimants") in the above-captioned case, submits this application (the "Application") for an order, pursuant to sections 105(a), 524(g) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Future Claimants' Representative to retain and employ Young Conaway Stargatt & Taylor, LLP ("Young Conaway") as his attorneys, *nunc pro tunc* to April 22, 2013. In support of this Application, the Future Claimants' Representative relies upon the Declaration of Edwin J. Harron (the "Harron Declaration"), attached hereto as Exhibit A, and represents as follows:

**JURISDICTION AND VENUE**

1. On April 22, 2013 (the "Petition Date"), Yarway Corporation (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

---

[1] The last four digits of the Debtor's taxpayer identification number are 8165. The Debtor's address is 1501 Yamato Road, Boca Raton, FL 33431.

01:13550902.3

2. The Debtor has continued in possession of its property and has continued to operate as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner in this case, and no official committee has yet been appointed by the Office of the United States Trustee.

4. This Court has jurisdiction over the instant Application pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtor's chapter 11 case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested herein are sections 105(a), 524(g) and 1103 of the Bankruptcy Code.

6. On April 24, 2013, the Debtor submitted to this Court an application [D.I. 12] for entry of an order appointing James L. Patton, Jr. as the Future Claimants' Representative in this chapter 11 case.

## RELIEF REQUESTED

7. Subject to the Court's issuance of an order approving his appointment *nunc pro tunc* to April 22, 2013, the proposed Future Claimants' Representative respectfully requests the entry of an order authorizing him to employ as his attorneys and to retain the law firm of Young Conaway *nunc pro tunc* to April 22, 2013.

## APPLICABLE AUTHORITY

8. Section 1103(a) of the Bankruptcy Code provides, in relevant part, as follows:

01:13550902.3

> At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

9. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys . . . pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtors, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

10. In other chapter 11 cases, legal representatives for future claimants have been authorized to retain counsel to assist them in performing their duties in the bankruptcy proceedings. See, e.g., In re Johns-Manville Corporation, Ch. 11 Case No. 82-B-11656 (BRL) (Bankr. S.D.N.Y. August 14, 1984); In re Keene Corporation, Ch. 11 Case No. 93-B-46090 (SMB) (Bankr. S.D.N.Y. 1994); In re The Babcock & Wilcox Company, Ch. 11 Case No. 00-10092 (Bankr. E.D. La. 2000); In re Pittsburgh Corning Corporation, Ch. 11 Case No. 00-22876 (JKF) (Bankr. W.D. Pa. 2000); In re Federal-Mogul Global Inc., Ch. 11 Case No. 01-10578

(Bankr. D. Del. 2001); <u>In re USG Corporation</u>, Ch. 11 Case No. 01-2094 (RJN) (Bankr. D. Del. 2001); <u>In re ACandS, Inc.</u>, Ch. 11 Case No. 02-12687 (RJN) (Bankr. D. Del. 2002); <u>In re Kaiser Aluminum Corporation</u>, Ch. 11 Case No. 02-10429 (JKF) (Bankr. D. Del. 2002); <u>In re North American Refractories Co.</u>, Ch. 11 Case No. 02-20198 (JKF) (Bankr. W.D. Pa. 2002); <u>In re Global Industrial Technologies, Inc.</u>, Ch. 11 Case No. 02-21626 (JKF) (Bankr. W.D. Pa. 2002); <u>In re Met-Coil Systems, Corp.</u>, Ch. 11 Case No. 03-12676 (MFW) (Bankr. D. Del. 2003); <u>In re Mid-Valley, Inc.</u>, Ch. 11 Case No. 03-35592 (JKF) (Bankr. W.D. Pa. 2003); <u>In re The Flintkote Company</u>, Ch. 11 Case No. 04-11300 (JKF) (Bankr. D. Del. 2004); <u>In re Durabla Mfg. Company</u>, Ch. 11 Case No. 09-14415 (MFW) (Bankr. D. Del. 2009); <u>In re Specialty Products Holding Corp.</u>, Ch. 11 Case No. 10-11780 (JKF) (Bankr. D. Del. 2010); <u>In re Leslie Controls, Inc.</u>, Ch. 11 Case No. 10-12199 (CSS) (Bankr. D. Del. 2010); <u>In re United Gilsonite Laboratories</u>, Ch. 11 Case No. 11-2032 (Bankr. M.D. Pa. 2011); <u>In re Metex Mfg. Corporation</u>, Ch. 11 Case No. 12-14554 (BRL) (Bankr. S.D.N.Y. 2012). As disclosed below and in the accompanying Harron Declaration, Young Conaway is counsel to the legal representative in certain of these cases, among others.

11. Young Conaway is a general practice, litigation-oriented firm which maintains a national, regional and local practice in the areas of corporate, bankruptcy, commercial, real estate, personal injury, employment and environmental law. Young Conaway's Bankruptcy and Corporate Restructuring section has extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. Moreover, Young Conaway has substantial experience in bankruptcy cases affecting the rights of mass-tort asbestos claimants:

01:13550902.3

(a)     Young Conaway represented the legal representative for future claimants in the following asbestos bankruptcy cases that reached confirmation: <u>In re The Celotex Corporation</u>, Ch. 11 Case Nos. 90-100016-8B1 and 90-100017-8B1 (Bankr. M.D. Fla.); <u>In re Armstrong World Industries, Inc.</u>, Ch. 11 Case No. 00-4471 (Bankr. D. Del. 2000); <u>In re The Babcock & Wilcox Co.</u>, Ch. 11 Case No. 00-10092 (Bankr. E.D. La. 2000); <u>In re Owens Corning</u>, Ch. 11 Case No. 00-3837 (Bankr. D. Del. 2000); <u>In re Federal-Mogul Global Inc.</u>, Ch. 11 Case No. 01-10578 (Bankr. D. Del. 2001); <u>In re USG Corporation</u>, Ch. 11 Case No. 01-2094 (RJN) (Bankr. D. Del 2001); <u>In re ACandS Inc.</u>, Ch. 11 Case No. 02-12687 (RJN) (Bankr. D. Del. 2002); <u>In re Kaiser Aluminum Corporation</u>, Ch. 11 Case No. 02-10429 (JKF) (Bankr. D. Del. 2002); <u>In re North American Refractories Company</u>, Ch. 11 Case No. 02-20198 (JKF) (Bankr. W.D. Pa. 2002); <u>In re Global Industrial Technologies, Inc.</u>, Ch. 11 Case No. 02-21626 (JKF) (Bankr. W.D. Pa. 2002); <u>In re Porter-Hayden Company</u>, Ch. 11 Case No. 02-54152-SD (Bankr. D. Md.); <u>In re Mid-Valley, Inc.</u>, Ch. 11 Case No. 03-35592 (JKF) (Bankr. W.D. Pa. 2003); <u>In re Durabla Mfg. Company</u>, Ch. 11 Case No. 09-14415 (MFW) (Bankr. D. Del. 2009); and <u>In re Leslie Controls, Inc.</u>, Ch. 11 Case No. 10-12199 (CSS) (Bankr. D. Del. 2010). In addition, Young Conaway represented the legal representative for future claimants exposed to tetrochloroethylene in <u>In re Met-Coil Systems Corporation</u>, Ch. 11 Case No. 03-12676 (MFW) (Bankr. D. Del. 2003).

01:13550902.3

(b) Young Conaway currently represents the legal representative for future claimants in the pending bankruptcy cases of In re Pittsburgh Corning Corporation, Ch. 11 Case No. 00-22876 (JKF) (Bankr. W.D. Pa. 2000), In re The Flintkote Company, Ch. 11 Case No. 04-11300 (JKF) (Bankr. D. Del. 2004), In re Specialty Products Holding Corp., Ch. 11 Case No. 10-11780 (JKF) (Bankr. D. Del. 2010), In re United Gilsonite Laboratories, Ch. 11 Case No. 11-2032 (Bankr. M.D. Pa. 2011), and In re Metex Mfg. Corporation, Ch. 11 Case No. 12-14554 (BRL) (Bankr. S.D.N.Y. 2012).

(c) Young Conaway represents the legal representative for future claimants in connection with asbestos personal injury settlement trusts established from the ACandS, Babcock & Wilcox, Celotex, Federal-Mogul, Kaiser, and Porter-Hayden bankruptcy cases. In addition, Young Conaway represents the legal representative for future claimants in connection with asbestos and silica settlement trusts established from the Mid-Valley (DII Industries, LLC) bankruptcy case. Young Conaway also represents the legal representative for future claimants in connection with the Met-Coil TCE Trust.

(d) Young Conaway also represented the debtor in the asbestos-related chapter 11 case of In re Fuller-Austin Insulation Company, Ch. 11 Case No. 98-2038 (JJF) (Bankr. D. Del. 1998), for which a plan was confirmed in 1998.

01:13550902.3

Accordingly, the proposed Future Claimants' Representative believes that Young Conaway is well qualified to represent him in this chapter 11 case.

12. Moreover, prior to the Petition Date, the Debtor engaged Mr. Patton to act as a pre-petition future claimants' representative for the purpose of representing the interests of Future Claimants in attempting to achieve a global resolution of Yarway-related asbestos liabilities. In connection with his pre-petition representation of Future Claimants, Mr. Patton retained Young Conaway to act as his counsel. During the course of its representation of Mr. Patton, Young Conaway developed a detailed and substantial understanding of the Debtor and its history, business, claims posture, and assets and liabilities. That understanding has been gained by Young Conaway after considerable time and effort in conducting diligence, discussions with the Debtor and its professionals, and legal analysis. If a law firm other than Young Conaway were chosen as the Future Claimants' Representative's counsel, the Debtor and other interested parties such as current claimants would lose the benefit of that understanding, as the new law firm would be required to expend time and resources to develop knowledge of the Debtor and its affairs.

## SERVICES TO BE PROVIDED

13. The services that Young Conaway will perform will enable the Future Claimants' Representative to execute his duties and responsibilities in connection with this chapter 11 case. Subject to further orders of this Court, Young Conaway will render the following services, among others, to the Future Claimants' Representative:

> (a) Providing legal advice with respect to the Future Claimants' Representative's powers and duties as Future Claimants' Representative for the Future Claimants;

01:13550902.3

(b) Taking any and all actions necessary to protect and maximize the value of the Debtor's estate for the purpose of making distributions to Future Claimants and to represent the Future Claimants' Representative in connection with negotiating, formulating, drafting, confirming and implementing a plan(s) of reorganization, and performing such other functions as are set forth in section 1103(c) of the Bankruptcy Code or as are reasonably necessary to effectively represent the interests of the Future Claimants;

(c) Preparing, on behalf of the Future Claimants' Representative, necessary applications, motions, objections, answers, orders, reports, and other legal papers in connection with the administration of the estates in this case; and

(d) Performing any other legal services and other support requested by the Future Claimants' Representative in connection with this chapter 11 case.

Young Conaway has agreed to act on the Futures Claimants' Representative's behalf in all of these respects.

14. Young Conaway intends to apply for compensation for professional services rendered in connection with this case and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court. The attorneys and paralegals presently designated to represent the Future Claimants' Representative and their current standard hourly rates are:

01:13550902.3

| | |
|---|---|
| Robert S. Brady (Partner) | $730 per hour |
| Edwin J. Harron (Partner) | $675 per hour |
| Sara Beth A.R. Kohut (Associate) | $410 per hour |
| Michael S. Neiburg (Associate) | $375 per hour |
| Chad A. Corazza (Paralegal) | $150 per hour |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Future Claimants' Representative in connection with the matters herein described.

15. The hourly rates set forth above are Young Conaway's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Young Conaway for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Young Conaway's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Young Conaway will charge for these expenses in a manner and at rates consistent with charges made generally to Young Conaway's other clients. Young Conaway believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

16. Young Conaway understands that its fees and expenses in these chapter 11 proceedings will be subject to the requirements of sections 330 and 331 of the Bankruptcy Code,

01:13550902.3

the Bankruptcy Rules and any order entered by this Court establishing procedures for interim compensation and reimbursement of expenses of professionals.

17.     Young Conaway has informed the proposed Future Claimants' Representative that, as set forth in the annexed Declaration of Edwin J. Harron, Young Conaway represents no other entity in connection with this case, and is disinterested as that term is defined in section §101(14) of the Bankruptcy Code.

## BEST INTERESTS OF THE ESTATE

18.     Young Conaway's bankruptcy and restructuring attorneys are, in the proposed Future Claimants' Representative's view, highly skilled.  Further, as noted above, Young Conaway has already developed a detailed and substantial understanding of the Debtor and its history, business, claims posture, and assets and liabilities.  The proposed Future Claimants' Representative therefore believes that the retention of Young Conaway is in the best interest of the Debtor, its estate and creditors, as well as in the best interest of the Future Claimants.

## NOTICE

19.     The proposed Future Claimants' Representative provided notice of this Application to (a) counsel to the Debtor; (b) the Office of the United States Trustee; (c) the firms identified on the Debtor's list of twenty law firms representing the largest number of asbestos plaintiffs asserting claims against the Debtor; (d) counsel for the ad hoc committee of current asbestos claimants; and (e) all parties that have filed requests for notice pursuant to Bankruptcy Rule 2002.

01:13550902.3

## NO PREVIOUS REQUEST

20. No previous request for the relief sought in this Application has been made to this or any other Court.

WHEREFORE, the Future Claimants' Representative requests entry of an order, substantially in the form attached hereto as <u>Exhibit B</u>, authorizing him to employ and retain the firm of Young Conaway, *nunc pro tunc* to April 22, 2013, to represent him in this chapter 11 case, and granting such other and further relief as is just and proper.

Dated: Wilmington, Delaware  
      May 6, 2013

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Edwin J. Harron*
Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Sara Beth A. R. Kohut (No. 4137)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Proposed Counsel to the Proposed
Future Claimants' Representative

01:13550902.3