**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YARWAY CORPORATION,[1] | Case No. 13-11025 (BLS) |
| Debtor. | **Related to Docket Nos. 705, 725, 737, 758, 808, 827, and 844** |

**ORDER CONFIRMING THE PLAN OF REORGANIZATION FOR YARWAY
CORPORATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED
BY YARWAY CORPORATION AND TYCO INTERNATIONAL PLC**

---

[1] The last four digits of the Debtor's taxpayer identification number are 8165.  The Debtor's address is 4700 Exchange Court, Suite 300, Boca Raton, FL 33431.

## Table of Contents

Page

I.     GENERAL PROVISIONS REGARDING CONFIRMATION OF THE PLAN AND APPROVAL OF PLAN-RELATED DOCUMENTS .........................................................2

    A.     CONFIRMATION OF THE PLAN ........................................................................2

    B.     SUPPLEMENTS AND MODIFICATIONS TO THE PLAN................................2

    C.     CONDITIONS TO CONFIRMATION OF THE PLAN.......................................3

    D.     CONDITIONS TO EFFECTIVE DATE..............................................................3

    E.     EFFECTS OF CONFIRMATION .......................................................................4

    F.     APPROVAL, MODIFICATION, AND EXECUTION OF PLAN DOCUMENTS5

II.    APPROVAL OF EXECUTORY CONTRACT PROVISIONS....................................7

III.   BAR DATES AND OTHER CLAIMS MATTERS ......................................................8

    A.     BAR DATE FOR PROFESSIONAL FEE CLAIMS ..........................................8

    B.     BAR DATE FOR REJECTION DAMAGES CLAIMS ......................................9

IV.    MATTERS RELATING TO IMPLEMENTATION OF THE PLAN ...........................10

    A.     ACTIONS IN FURTHERANCE OF THE PLAN ..............................................10

    B.     DIRECTOR AND OFFICER OF REORGANIZED YARWAY..........................12

    C.     CREATION OF THE ASBESTOS PERSONAL INJURY TRUST....................12

    D.     TRANSFERS OF CERTAIN PROPERTY TO AND ASSUMPTION OF CERTAIN LIABILITIES BY THE ASBESTOS PERSONAL INJURY TRUST13

        1.     Funding of the Asbestos Personal Injury Trust .........................................13

        2.     Transfer of Claims and Demands to the Asbestos Personal Injury Trust..13

        3.     Transfer of Rights and Defenses to the Asbestos Personal Injury Trust ...14

        4.     Institution and Maintenance of Legal and Other Proceedings...................14

        5.     Appointment of Asbestos Personal Injury Trustee .....................................14

6.    Appointment of Asbestos Personal Injury Trust Advisory Committee Members ...................................................................................15

7.    Appointment of Post-Effective Date Future Claimants' Representative ... 15

8.    Asbestos Claimants Committee .................................................................16

9.    Indemnity Obligations of the Asbestos Personal Injury Trust..................16

10.   Asbestos Claims Indemnification Agreement ..........................................16

E.    EXEMPTIONS FROM TAXATION ...................................................................16

F.    DISTRIBUTION RECORD DATE ......................................................................17

G.    ISSUANCE OF NEW INSTRUMENTS...............................................................17

V.    DISCHARGES, INJUNCTIONS, AND RELEASES .......................................................17

A.    DISCHARGE OF CLAIMS AGAINST YARWAY AND REORGANIZED YARWAY .........................................................................................................17

B.    DISALLOWED CLAIMS ....................................................................................18

C.    YARWAY DISCHARGE INJUNCTION.............................................................19

D.    ASBESTOS PERSONAL INJURY CHANNELING INJUNCTION .................19

E.    RELEASES BY THE DEBTOR AND ITS ESTATE AND RELATED INJUNCTION......................................................................................................21

F.    WAIVER OF CALIFORNIA CIVIL CODE TO THE EXTENT APPLICABLE 23

G.    RELEASES BY HOLDERS OF CLAIMS ...........................................................24

H.    TERM OF INJUNCTIONS AND AUTOMATIC STAY ....................................24

11.   Injunctions and/or Stays in Existence Immediately Prior to Confirmation 24

12.   Injunctions Provided for in the Plan or Confirmation Order ....................25

VI.   EXCULPATION AND INDEMNIFICATION PROVISIONS .........................................25

A.    EXCULPATION ..................................................................................................25

B.    INDEMNIFICATION OBLIGATIONS ..............................................................26

VII.  ISSUES RELATED TO THE PLAN AND OBJECTIONS TO CONFIRMATION ........27

VIII.    RETENTION OF JURISDICTION BY THE BANKRUPTCY COURT..........................27

IX.    NOTICE OF ENTRY OF CONFIRMATION ORDER....................................................27

X.    PAYMENT OF FEES.............................................................................................................28

XI.    EFFECT OF REVERSAL.....................................................................................................28

XII.    NO JUST CAUSE FOR DELAY .......................................................................................28

XIII.    REPORT AND RECOMMENDATION TO THE DISTRICT COURT ...........................29

XIV.    RECORDATION....................................................................................................................29

WHEREAS Yarway Corporation ("Yarway" or the "Debtor") and Tyco International plc ("Tyco" and, together with Yarway, the "Plan Proponents"), with the support of the Legal Representative for Future Asbestos Claimants (the "Future Claimants' Representative") and the Official Committee of Asbestos Personal Injury Claimants (the "Asbestos Claimants Committee"), have proposed the Plan of Reorganization for Yarway Corporation Under Chapter 11 of the Bankruptcy Code (the "Plan");

WHEREAS no objections to confirmation of the Plan were filed with the Bankruptcy Court;

WHEREAS a hearing on confirmation of the Plan was held on April 8, 2015, at which counsel for the Plan Proponents presented certain evidence in support of confirmation of the Plan and at which no objections to confirmation or to such evidence were made; and

WHEREAS the Bankruptcy Court has entered certain Findings of Fact and Conclusions of Law (the "Findings of Fact and Conclusions of Law")[2] respecting confirmation of the Plan, which are incorporated by reference herein.

NOW THEREFORE, THE BANKRUPTCY COURT HEREBY ORDERS, ADJUDGES AND DECREES THAT:

---

[2] Capitalized terms and phrases used but not otherwise defined herein have the meanings given to them in the Plan or, if not defined in the Plan, in the Findings of Fact and Conclusions of Law. The rules of interpretation set forth in Article I of the Plan apply to this Order Confirming the Plan of Reorganization for Yarway Corporation Under Chapter 11 of the Bankruptcy Code Proposed by Yarway Corporation and Tyco International plc (the "Confirmation Order"). In addition, in accordance with Section 1.1 of the Plan, any term used in the Plan, the Findings of Fact and Conclusions of Law, or this Confirmation Order that is not defined therein, but that is used in the Bankruptcy Code or the Bankruptcy Rules, has the meaning given to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable.

I.    **GENERAL PROVISIONS REGARDING CONFIRMATION OF THE PLAN AND APPROVAL OF PLAN-RELATED DOCUMENTS**

    A.    **CONFIRMATION OF THE PLAN**

        1.    The Plan, a copy of which is attached hereto as <u>Exhibit A</u>, along with each of its provisions (whether or not specifically approved herein) and all operative exhibits and schedules thereto, is CONFIRMED in each and every respect, pursuant to section 1129 of the Bankruptcy Code.  The terms of the Plan and the operative exhibits and schedules thereto are incorporated by reference into this Confirmation Order, and the provisions of the Plan and this Confirmation Order are non-severable and mutually dependent.  Notwithstanding the foregoing, if there is any direct conflict between the terms of the Plan or any exhibit thereto and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.  This Confirmation Order shall supersede any prior orders of the Bankruptcy Court issued in the Chapter 11 Case that may be inconsistent herewith.  The terms of the Plan and the operative exhibits and schedules thereto shall be effective and binding as of the Effective Date.

    B.    **SUPPLEMENTS AND MODIFICATIONS TO THE PLAN**

        2.    Pursuant to the terms of the Plan, the Plan Proponents have supplemented the Plan, as reflected in successive filings to the Bankruptcy Court.  See *Notice of Filing of Exhibits D through K to Proposed Plan*, January 13, 2015 [Docket No. 725]; *Notice of Filing Revised Proposed Disclosure Statement, Revised Proposed Plan, and Revised Voting Procedures*, January 22, 2015 [Docket No. 737]; *Notice of Filing of (I) Plan Exhibit and (II) Identity of (A) Individual Appointed to Serve as the Director and Officer of Reorganized Yarway, (B) Proposed Asbestos Personal Injury Trustee, and (C) Initial Members of Asbestos Personal Injury Trust Advisory Committee*, March 18, 2015 [Docket No. 827].

3.      In addition, after service of solicitation materials, the Plan Proponents revised the Plan with certain amendments, as reflected in notices filed with the Bankruptcy Court. See *Notice of Plan Supplement and Plan Amendments*, March 10, 2015 [Docket No. 808]; *Notice of Filing Revised Plan of Reorganization*, April 2, 2015 [Docket No. 844]. The amendments do not adversely change the treatment of the Claim of any creditor or the Equity Interest of any interest holder of the Debtor or have been consented to by the Entities affected thereby, and are approved in all respects.

## C.    CONDITIONS TO CONFIRMATION OF THE PLAN

4.      As the Bankruptcy Court found in the Findings of Fact and Conclusions of Law, each of the conditions to confirmation of the Plan as set forth in Section 11.1 of the Plan has been satisfied or duly waived.

## D.    CONDITIONS TO EFFECTIVE DATE

5.      Nothing in this Confirmation Order or in the Findings of Fact and Conclusions of Law alters in any way the provisions of Sections 11.2 and 11.3 of the Plan, which include provisions regarding (1) the conditions precedent to the Effective Date of the Plan and (2) the waiver of any such conditions. If a condition to the occurrence of the Effective Date set forth in Section 11.2 of the Plan cannot be satisfied, and the occurrence of such condition is not waived in writing by the Plan Proponents as set forth in Section 11.3 of the Plan, then the Plan shall be deemed null and void and this Confirmation Order shall be deemed vacated. Upon the satisfaction or waiver of the conditions contained in Section 11.2 of the Plan and the occurrence of the Effective Date, substantial consummation of the Plan, within the meaning of sections 1101 and 1127 of the Bankruptcy Code, is deemed to occur.

E.    **EFFECTS OF CONFIRMATION**

6.    In accordance with section 1141(a) of the Bankruptcy Code, subject to occurrence of the Effective Date as provided in Section 11.2 of the Plan and Paragraph 5 of this Confirmation Order, and notwithstanding any otherwise applicable law, immediately upon the entry of this Confirmation Order, the terms of the Plan and this Confirmation Order shall be binding upon the Debtor, Reorganized Yarway, any entity acquiring property under the Plan, any and all holders of Claims, Demands, or Equity Interests (irrespective of whether Claims or Equity Interests are Impaired under the Plan or whether the holders of Claims or Equity Interests accepted, rejected, or are deemed to have accepted or rejected the Plan), any and all non-Debtor parties to Executory Contracts and unexpired leases with the Debtor, any and all Entities who are parties to or are subject to the settlements, compromises, releases, waivers, discharges, and injunctions described herein, or in the Findings of Fact and Conclusions of Law or in the Plan, and any and all other parties in interest, and each of the respective heirs, executors, administrators, trustees, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, guardians, successors, or assigns, if any, of any of the foregoing.

7.    All settlements, transactions, and agreements to be effected pursuant to the Plan, whether or not expressly discussed herein, are approved in all respects, including, without limitation, the Asbestos Personal Injury Trust Agreement, the Asbestos Personal Injury Trust Distribution Procedures, the other Asbestos Personal Injury Trust Documents, the Asbestos Personal Injury Channeling Injunction, and the releases contained in the Plan of the Released Parties and the Tyco Released Parties.

8.    The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect, and enforceability of

such provision and such provision shall have the same validity, binding effect, and enforceability as every other provision of the Plan.

9.      All transfers of assets of the Debtor contemplated under the Plan shall be free and clear of any and all Liens, Claims, Encumbrances, and other interests of any Entity, except as otherwise provided for in the Plan, the Plan Documents, or this Confirmation Order. This includes, as set forth in Section 9.2 of the Plan, the property of the Estate of Yarway (except for the Yarway Contribution and any other property of Yarway distributed pursuant to the Plan) which will vest in Reorganized Yarway on the Effective Date. From and after the Effective Date, Reorganized Yarway may operate its business and may use, acquire, and dispose of property free of any restrictions imposed under or by the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court. Without limiting the foregoing, Reorganized Yarway may, without application to, or approval by, the Bankruptcy Court, pay professional fees and expenses that Reorganized Yarway may incur after the Effective Date.

10.      All transfers of property by Yarway to Reorganized Yarway under the Plan (A) are or will be legal, valid, and effective transfers of property; (B) vest or will vest Reorganized Yarway with good title to such property; (C) do not and will not constitute avoidable transfers under the Bankruptcy Code or under other applicable bankruptcy or non-bankruptcy law; and (D) do not and will not subject Reorganized Yarway to any liability by reason of any of such transfers under the Bankruptcy Code or applicable non-bankruptcy law, including, without limitation, any laws purporting to impose successor or transferee liability.

F.    **APPROVAL, MODIFICATION, AND EXECUTION OF PLAN DOCUMENTS**

11.      The Plan and all operative exhibits and schedules thereto, substantially in the form as they exist at the time of the entry of this Confirmation Order, including, without

limitation, the documents relating to the Asbestos Personal Injury Trust, and each of the other

operative Plan Documents, are ratified and approved in all respects.  All relevant parties are

authorized, without further action by the Bankruptcy Court, to enter into, effectuate, and perform

any and all obligations under such Plan Documents, notwithstanding that the efficacy of such

documents may be subject to the occurrence of the Effective Date or another date thereafter.

        12.     Pursuant to Section 12.2 of the Plan, the Plan Proponents, with the consent

of the Asbestos Claimants Committee and the Future Claimants' Representative, which consent

may not be unreasonably withheld, are hereby authorized to alter, amend, or modify the Plan or

any Exhibits thereto under section 1127(a) of the Bankruptcy Code at any time prior to the

Confirmation Date and may include any such amended Exhibits in the Plan, provided that the

Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code,

and the Plan Proponents shall have complied with section 1125 of the Bankruptcy Code, to the

extent necessary.  Further, the Plan Proponents, with the consent of the Asbestos Claimants

Committee and the Future Claimants' Representative, which consent may not be unreasonably

withheld, are hereby authorized to alter, amend, or modify the Plan or any Exhibits thereto at any

time after entry of the Confirmation Order and before the Plan's substantial consummation,

provided that: (a) the Plan, as modified, altered, or amended, meets the requirements of sections

1122 and 1123 of the Bankruptcy Code and (b) the Bankruptcy Court, after notice and a hearing,

confirms the Plan as modified, under section 1129 of the Bankruptcy Code, and finds that the

circumstances warrant such modification.  A holder of a Claim that has accepted or rejected the

Plan shall be deemed to have accepted or rejected, as the case may be, the Plan as modified,

unless, within the time fixed by the Bankruptcy Court, if any, such holder changes its previous

acceptance or rejection, to the extent such holder is afforded the opportunity to do so under

section 1127(d) of the Bankruptcy Code.  After the Effective Date, Reorganized Yarway, Tyco, or the Asbestos Personal Injury Trust, as applicable, may remedy any defects or omissions or reconcile any inconsistencies in the Plan Documents for the purpose of implementing the Plan in such manner as may be necessary to carry out the purposes and intent of the Plan, so long as the interests of the holders of Allowed Claims and other applicable parties-in-interest are not adversely affected thereby.

13.     Notwithstanding anything in Section 12.2 of the Plan, there shall be no modification to the Plan made at any time that would reduce or eliminate any of the protections provided therein, or in the releases provided in the Plan, to the Protected Parties, without the consent of Tyco and Yarway.

## II.    APPROVAL OF EXECUTORY CONTRACT PROVISIONS

14.     As set forth in Section 6.1 of the Plan, Yarway shall reject, as of the Effective Date, any and all Executory Contracts to which Yarway is a party, except for: (i) the First Amended and Restated Governing Document and Operating Agreement of STI Properties, Ltd. (to the extent such agreement may qualify as an executory contract under section 365 of the Bankruptcy Code), which is assumed, and (ii) any Executory Contracts specifically assumed or assumed and assigned pursuant to a Final Order entered on or before the Effective Date.

15.     All Executory Contracts assumed or assumed and assigned by Yarway during the Chapter 11 Case or under the Plan shall remain in full force and effect for the benefit of Reorganized Yarway or the assignee thereof notwithstanding any provision in such contract (including those provisions described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits such assignment or transfer or that enables or requires termination of such contract or lease.

### III.   BAR DATES AND OTHER CLAIMS MATTERS
### A.   BAR DATE FOR PROFESSIONAL FEE CLAIMS

16.     Pursuant to Section 2.2 of the Plan, except as provided in Sections 2.2(c) -
(e) of the Plan, requests for payment of Administrative Expense Claims must be filed with the
Bankruptcy Court and served on counsel for Reorganized Yarway no later than 60 days after the
Effective Date (the "Administrative Expense Claims Bar Date").  Holders of Administrative
Expense Claims (including, without limitation, Professionals asserting Professional Fee Claims
and the holders of any Claims for federal, state or local taxes) that are required to file a request
for payment of such Claims and that do not file such requests by the Administrative Expense
Claims Bar Date (or, in the case of tax claims, such later date as may be applicable pursuant to
Section 2.2(e) of the Plan) shall be forever barred from asserting such Claims against Yarway,
Reorganized Yarway, any of their Affiliates, or any of their respective property.  Reorganized
Yarway shall schedule a hearing on all Administrative Expense claims for an omnibus hearing
date that is at least 105 days after the Effective Date.

17.     Pursuant to Section 2.2 of the Plan, all Professionals or other entities
requesting compensation or reimbursement of expenses pursuant to sections 327, 328, 330, 331,
503(b) and/or section 1103 of the Bankruptcy Code for services rendered before the Effective
Date (including, without limitation, any compensation requested by any Professional or any other
entity for making a substantial contribution in the Chapter 11 Case) shall file and serve on (a)
counsel to Reorganized Yarway, (b) counsel to Tyco, and (c) the United States Trustee, an
application for final allowance of compensation and reimbursement of expenses not later than
the Administrative Expense Claims Bar Date.  Objections to Professional Fee Claims must be
filed and served on (a) counsel to Reorganized Yarway, (b) counsel to Tyco, (c) the United
States Trustee and (d) the Professional(s) to whose application the objections are addressed, no

later than forty-five (45) days after the Administrative Expense Claims Bar Date.  Upon approval

by the Bankruptcy Court of compensation and expenses set forth in any application therefor

submitted by a Professional, Reorganized Yarway shall pay such compensation and expenses

from the Net Reserve Funds.

### B.    BAR DATE FOR REJECTION DAMAGES CLAIMS

18.    Pursuant to Section 6.3 of the Plan, to the extent any Executory Contract is

rejected by Yarway or Reorganized Yarway pursuant to the Plan and results in damages to the

non-Debtor party or parties to such Executory Contract, a claim for such damages shall be

forever barred and shall not be enforceable against Yarway, Reorganized Yarway, any of their

Affiliates, or any of their respective properties or interests in property, and the non-Debtor party

or parties to such Executory Contract shall be barred from receiving any Distribution under the

Plan on account of such Claim, unless a Proof of Claim with respect to such damages is filed

with the Bankruptcy Court and served upon counsel for Yarway or Reorganized Yarway, as

applicable, and counsel for Tyco on or before (a) if such Executory Contract is rejected pursuant

to Section 6.1 of the Plan, thirty (30) days after entry of this Confirmation Order; or (b) if such

Executory Contract is rejected pursuant to a Final Order of the Bankruptcy Court granting a

motion filed by Yarway to reject such Executory Contract, thirty (30) days after entry of such

order.

19.    Together with the notice referenced in paragraph 62 of this Confirmation

Order, the Plan constitutes due and proper notice to Entities that may assert a Claim for damages

from the rejection of any and all Executory Contracts, to the extent any Executory Contract is

rejected in the Plan, of the bar date for filing a Proof of Claim in connection therewith.

## IV.    MATTERS RELATING TO IMPLEMENTATION OF THE PLAN
### A.    ACTIONS IN FURTHERANCE OF THE PLAN

20.    The Plan Proponents and all other parties-in-interest are authorized to implement the Plan in accordance with its terms.

21.    Pursuant to sections 1123 and 1142 of the Bankruptcy Code, section 303 of the Delaware General Corporation Law, and any comparable provisions of the business corporation law of any other state (collectively, the "Reorganization Effectuation Statutes"), without further action by the Bankruptcy Court or the stockholders or directors of either Yarway or Reorganized Yarway, all matters provided for under the Plan involving the corporate structure of Yarway or Reorganized Yarway, or any corporate action to be taken by, or required of Yarway or Reorganized Yarway, shall be authorized, approved, and deemed to have occurred and be effective as provided in the Plan.

22.    In addition, any officer, member or manager of or director of Yarway or Reorganized Yarway, as the case may be, is hereby authorized to execute, deliver, file, and record such contracts, instruments, releases, indentures, certificates, and other agreements or documents, and take such other actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.  The Secretary or other appropriate officer of Yarway is hereby authorized to certify or attest to any of the foregoing, if necessary.

23.    Yarway and Reorganized Yarway, and all other parties, including all holders of Claims entitled to receive Distributions under the Plan, shall execute any and all documents and instruments that must be executed under or in connection with the Plan in order to implement the terms of the Plan or to effectuate the Distributions under the Plan, provided that such documents and instruments are reasonably acceptable to such party or parties.

24.     To the extent that, under applicable non-bankruptcy law, any of the foregoing actions would otherwise require the consent or approval of the stockholders or directors of Yarway or Reorganized Yarway, this Confirmation Order shall, pursuant to sections 1123(a)(5) and 1142 of the Bankruptcy Code and the Reorganization Effectuation Statutes, constitute such consent or approval, and such actions are deemed to have been taken by unanimous action of the stockholders or directors, as the case may be, of Yarway or Reorganized Yarway.

25.     In addition to the authority to execute and deliver, adopt, or amend, as the case may be, the contracts, instruments, releases, and other agreements, including, without limitation, the Plan Documents, specifically granted in this Confirmation Order, each of Yarway and Reorganized Yarway is authorized and empowered, without further action in the Bankruptcy Court or further action or consent by its stockholders or directors, to take any and all such actions as any of its respective officers, members or managers of or directors of Yarway or Reorganized Yarway may determine are necessary or appropriate to implement, effectuate, and consummate the Plan, this Confirmation Order, the Plan Documents, or the transactions contemplated thereby or hereby.

26.     To the extent any approval of the Bankruptcy Court is required for either of the Plan Proponents to enter into any of the Plan Documents, or to take any actions thereunder, or to consummate any of the transactions contemplated thereby, such approvals are hereby granted.

27.     The approvals and authorizations specifically set forth in this Confirmation Order are non-exclusive and are not intended to limit the authority of Yarway or Reorganized Yarway or any officer thereof to take any and all actions necessary or appropriate to

implement, effectuate, and consummate the Plan, this Confirmation Order, the Plan Documents, or the transactions contemplated thereby or hereby.

### B.    DIRECTOR AND OFFICER OF REORGANIZED YARWAY

28.    The appointment of the individual who will serve as officer and director of Reorganized Yarway as of the Effective Date, in accordance with Section 8.7 of the Plan and the notice filed with the Bankruptcy Court on March 18, 2015 [Docket No. 827], is hereby approved.

### C.    CREATION OF THE ASBESTOS PERSONAL INJURY TRUST

29.    On the Effective Date, the Asbestos Personal Injury Trust shall be created in accordance with the terms and conditions of the Plan and the Asbestos Personal Injury Trust Agreement. The Asbestos Personal Injury Trust and the Asbestos Personal Injury Trustee thereof are authorized and empowered to receive the assets to be transferred to the Asbestos Personal Injury Trust pursuant to Sections 8.2, 8.3, and 9.2 of the Plan, which shall include, without limitation, 100% of the Reorganized Yarway Common Stock.

30.    Pursuant to the Reorganization Effectuation Statutes, as applicable, and other appropriate provisions of applicable state laws governing corporations or other legal entities and section 1142(b) of the Bankruptcy Code, without further action by the Bankruptcy Court or the directors or stockholders of Yarway or further notice to any Entities, Yarway is authorized and directed to execute, deliver, and perform its obligations under the Asbestos Personal Injury Trust Agreement and to execute, deliver, file, record, and implement all such other contracts, instruments, agreements, or documents and take all such other actions as any of its directors or officers may determine are necessary, appropriate or desirable in connection therewith. The Asbestos Personal Injury Trust Agreement and the Asbestos Personal Injury

Trust Distribution Procedures, as in effect on the Effective Date, shall be substantially in the forms attached to the Plan as <u>Exhibit A</u> and <u>Exhibit C</u> thereto, respectively.

31.     On the Effective Date, except as otherwise provided in the Plan, this Confirmation Order, or an order of the Bankruptcy Court in the Chapter 11 Case, all right, title, and interest in and to the Asbestos Personal Injury Trust Assets and any proceeds or causes of action thereunder shall be automatically transferred and assigned to, and indefeasibly vested in, the Asbestos Personal Injury Trust free and clear of all Claims, Liens, Encumbrances, and other interests of any Entity without any further action of any Entity.

## D.   TRANSFERS OF CERTAIN PROPERTY TO AND ASSUMPTION OF CERTAIN LIABILITIES BY THE ASBESTOS PERSONAL INJURY TRUST

### 1.   Funding of the Asbestos Personal Injury Trust

32.     The Debtor shall fund the Asbestos Personal Injury Trust in accordance with Section 8.2(a)(iii) and 8.3 of the Plan.

### 2.   Transfer of Claims and Demands to the Asbestos Personal Injury Trust

33.     Subject to the terms and conditions of and as set forth in Article VIII of the Plan, on the Effective Date, all liabilities, obligations, and responsibilities relating to all present and future Asbestos Personal Injury Claims, including, without limitation, Demands, shall be transferred and channeled to the Asbestos Personal Injury Trust and shall be satisfied solely by the assets held by the Asbestos Personal Injury Trust. This transfer and channeling is in consideration for the property transferred to the Asbestos Personal Injury Trust and in furtherance of the purposes of the Asbestos Personal Injury Trust and the Plan. The Asbestos Personal Injury Trust shall have no liability for any Claims and Demands other than Asbestos Personal Injury Claims and Asbestos Personal Injury Trust Expenses, and no Claims other than

Asbestos Personal Injury Claims and Asbestos Personal Injury Trust Expenses shall be transferred and channeled to the Asbestos Personal Injury Trust.

### 3.   Transfer of Rights and Defenses to the Asbestos Personal Injury Trust

34.     With the exception of those claims released by Yarway pursuant to Section 10.5 of the Plan and/or in the Yarway Release, on the Effective Date all claims, defenses, rights and Causes of Action of Yarway and Reorganized Yarway relating to Asbestos Personal Injury Claims shall be transferred and assigned to the Asbestos Personal Injury Trust.  In accordance with section 1123(b) of the Bankruptcy Code, the Asbestos Personal Injury Trust shall retain and may enforce such claims, defenses, rights, and Causes of Action and shall retain and may enforce all defenses and counterclaims to all Claims or Demands asserted against the Asbestos Personal Injury Trust, including, but not limited to, setoff, recoupment, and any rights under section 502(d) of the Bankruptcy Code; provided, however, that no such claims, defenses, Causes of Action, or counterclaims may be asserted against any Protected Party.  The Asbestos Personal Injury Trust shall be deemed to be the appointed representative of Yarway and Reorganized Yarway, and may, pursue, litigate, compromise, and settle any rights, claims, or Causes of Action transferred to it, as appropriate.

### 4.   Institution and Maintenance of Legal and Other Proceedings

35.     From and after the Effective Date, the Asbestos Personal Injury Trust shall be empowered and entitled, in its sole and absolute discretion and at its own expense, to pursue, compromise, or settle all legal actions and other proceedings related to any asset, liability, or responsibility of the Asbestos Personal Injury Trust that is not released pursuant to the Plan.

### 5.   Appointment of Asbestos Personal Injury Trustee

36.     The appointment of Hon. Helen E. Freedman as the initial Asbestos Personal Injury Trustee is hereby approved.  Ms. Freedman shall be appointed on the Effective

Date, and shall thereafter serve in accordance with the terms of the Plan and the Asbestos Personal Injury Trust Agreement. For purposes of performing the duties and fulfilling the obligations under the Asbestos Personal Injury Trust Agreement and the Plan, the Asbestos Personal Injury Trustee shall be deemed to be a party in interest within the meaning of section 1109(b) of the Bankruptcy Code.

### 6.    Appointment of Asbestos Personal Injury Trust Advisory Committee Members

37.    The appointment of John A. Baden, IV, Joseph W. Belluck, Lisa N. Busch, John C. Cooney, and Barry Julian as the initial members of the Asbestos Personal Injury Trust Advisory Committee is hereby approved. As of the Effective Date, the initial members of the Asbestos Personal Injury Trust Advisory Committee shall serve as members of the committee in accordance with the terms of the Asbestos Personal Injury Trust Agreement.

### 7.    Appointment of Post-Effective Date Future Claimants' Representative

38.    Effective on the Effective Date, James L. Patton, Jr. shall be discharged from his duties as the Future Claimants' Representative, and on the same date, Mr. Patton shall be appointed as the Post-Effective Date Future Claimants' Representative. The Post-Effective Date Future Claimants' Representative shall have the functions, duties, and rights provided in, and shall serve in accordance with, the Asbestos Personal Injury Trust Agreement. In addition, the Post-Effective Date Future Claimants' Representative also may, at his option, participate in any: (a) appeal of this Confirmation Order; (b) hearing on a Professional Fee Claim; and (c) adversary proceeding pending on the Effective Date to which the Future Claimants' Representative was a party.

### 8.    Asbestos Claimants Committee

39.    In accordance with Section 9.1 of the Plan, effective on the Effective Date, the Asbestos Claimants Committee shall be dissolved automatically.  Notwithstanding the foregoing, if the Effective Date occurs prior to this Confirmation Order becoming a Final Order, the Asbestos Claimants Committee may, at its option, continue to serve and function for the purposes of participating in any: (i) appeal of this Confirmation Order, but only until such time as this Confirmation Order becomes a Final Order; (ii) hearing on a Professional Fee Claim; and (iii) adversary proceeding pending on the Effective Date to which the Asbestos Claimants Committee was a party.

### 9.    Indemnity Obligations of the Asbestos Personal Injury Trust

40.    The Asbestos Personal Injury Trust shall be bound by the indemnity obligations set forth in the Plan and the Asbestos Personal Injury Trust Documents, including, without limitation, those indemnity obligations set forth in Section 10.8(a) of the Plan and Section 4.6 of the Asbestos Personal Injury Trust Agreement.

### 10.    Asbestos Claims Indemnification Agreement

41.    Reorganized Yarway and the Asbestos Personal Injury Trust shall, on or before the Effective Date, execute and deliver the Asbestos Claims Indemnification Agreement, which shall be substantially in the form attached to the Plan as Exhibit H.

## E.    EXEMPTIONS FROM TAXATION

42.    Pursuant to section 1146(a) of the Bankruptcy Code, any issuance, transfer, or exchange of notes or equity securities under the Plan, the creation of any mortgage, deed of trust, pledge, or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in

furtherance of, or in connection with the Plan shall be exempt from all stamp, transfer, or similar taxes, as provided in section 1146(a).

### F.    DISTRIBUTION RECORD DATE

43.    The Distribution Record Date for the purposes of determining an entitlement to receive Distributions under the Plan on account of Allowed Claims, other than Asbestos Personal Injury Claims, shall be the same as the Confirmation Date, which is defined as the earlier of (a) the date on which this Confirmation Order is affirmed by the District Court or (b) the date on which this Confirmation Order is entered by the District Court.

44.    As set forth in Section 5.2 of the Plan, except as otherwise provided in a Final Order, the transferees of Claims that are transferred pursuant to Rule 3001 of the Bankruptcy Rules on or prior to the Distribution Record Date shall be treated as the holders of such Claims for all purposes, notwithstanding that any period provided by Rule 3001 for objecting to such transfer has not expired by the Distribution Record Date.

### G.    ISSUANCE OF NEW INSTRUMENTS

45.    All instruments to be issued under the Plan (including, without limitation, the Reorganized Yarway Common Stock) shall upon issuance be duly authorized and validly issued, fully paid, and non-assessable, and any conditions precedent to issuance shall be deemed satisfied.

### V.    DISCHARGES, INJUNCTIONS, AND RELEASES

### A.    DISCHARGE OF CLAIMS AGAINST YARWAY AND REORGANIZED YARWAY

46.    Except as specifically provided in the Plan or in this Confirmation Order, pursuant to sections 524 and 1141(d)(1)(A) of the Bankruptcy Code, confirmation of the Plan shall discharge Yarway and Reorganized Yarway on the Effective Date from any and all Claims

and Demands of any nature whatsoever, including, without limitation, all Claims and liabilities

that arose before the Confirmation Date and all debts of the kind specified in sections 502(g),

502(h), and 502(i) of the Bankruptcy Code whether or not: (a) a Proof of Claim based on such

Claim was filed under section 501 of the Bankruptcy Code, or such Claim was listed on any of

Yarway's Schedules; (b) such Claim is or was allowed under section 502 of the Bankruptcy

Code; or (c) the holder of such Claim has voted on or accepted the Plan.  Except as otherwise

specifically provided for in the Plan, as of the Effective Date, the rights provided in the Plan to

holders of Claims, Demands, and Equity Interests shall be in exchange for and in complete

satisfaction, settlement, and discharge of all Claims (including, without limitation, Asbestos

Personal Injury Claims) and Demands against, Liens on, and Equity Interests in Yarway,

Reorganized Yarway, and all of their respective assets and properties.

**B.     DISALLOWED CLAIMS**

47.     As set forth in Section 10.7 of the Plan, on and after the Effective Date,

Yarway and the Estate shall be fully and finally discharged from any liability or obligation on all

Disallowed Claims, and any order creating a Disallowed Claim that is not a Final Order as of the

Effective Date solely because of an Entity's right to move for reconsideration of such order

pursuant to section 502 of the Bankruptcy Code or Bankruptcy Rule 3008 shall nevertheless

become and be deemed to be a Final Order on the Effective Date.  This Confirmation Order,

except as otherwise provided herein or in the Plan, shall constitute an order: (a) disallowing all

Claims (other than Asbestos Personal Injury Claims) to the extent such Claims are not allowable

under any provision of section 502 of the Bankruptcy Code, including, but not limited to, time-

barred Claims, and Claims for unmatured interest, and (b) disallowing or subordinating, as the

case may be, any Claims, or portions of Claims, for penalties or non-compensatory damages.

### C.    YARWAY DISCHARGE INJUNCTION

48.    As set forth in Section 10.2 of the Plan, the Plan provides for the following permanent injunction (the "Yarway Discharge Injunction"), which is hereby approved and authorized in all respects and which shall take effect as of the Effective Date:

> *Except as specifically provided in the Plan or in the Confirmation Order, all Entities who have held, hold or may hold Claims or Demands against Yarway are permanently enjoined, on and after the Effective Date, from: (a) commencing or continuing in any manner any action or other proceeding of any kind against Yarway, Reorganized Yarway, or their respective property with respect to such Claim or Demand; (b) enforcing, attaching, collecting, or recovering by any manner or means of any judgment, award, decree, or order against Yarway, Reorganized Yarway, or their respective property with respect to such Claim or Demand; (c) creating, perfecting, or enforcing any Encumbrance of any kind against Yarway, Reorganized Yarway, or their respective property with respect to such Claim or Demand; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due to Yarway or against the property or interests in property of Yarway, with respect to such Claim or Demand; and/or (e) commencing or continuing any action, in any manner and in any place in the world, against Yarway, Reorganized Yarway, or their respective property that does not comply with or is inconsistent with the provisions of the Plan or this Confirmation Order. The foregoing injunction shall extend to the successors of Yarway (including, without limitation, Reorganized Yarway) and their respective properties and interests in property. The foregoing discharge shall void any judgment obtained against Yarway at any time, to the extent that such judgment relates to a discharged Claim or Demand.*

### D.    ASBESTOS PERSONAL INJURY CHANNELING INJUNCTION

49.    As set forth in Section 10.3 of the Plan, the Plan provides for the following permanent injunction that shall channel all current asbestos-related Claims and future asbestos-related Demands to the Asbestos Personal Injury Trust (the "Asbestos Personal Injury Channeling Injunction"). The following Asbestos Personal Injury Channeling Injunction is hereby approved and authorized in all respects and shall take effect as of the Effective Date:

> *Terms.  Pursuant to section 524(g) of the Bankruptcy Code, from and after the Effective Date the sole recourse of any holder of an Asbestos Personal Injury Claim on account of such Asbestos Personal Injury Claim shall be to the Asbestos Personal Injury Trust pursuant to Section 10.3 of the Plan and the Asbestos Personal Injury Trust Distribution Procedures, and such holder shall have no right whatsoever at any time to assert its Asbestos Personal Injury Claim against any Protected Party or any*

*property or interest in property of any Protected Party.  On and after the Effective Date, all present and future holders of Asbestos Personal Injury Claims shall be permanently and forever stayed, restrained, barred and enjoined from taking any of the following actions for the purpose of, directly or indirectly or derivatively collecting, recovering, or receiving payment of, on, or with respect to any Asbestos Personal Injury Claim other than from the Asbestos Personal Injury Trust pursuant to the Asbestos Personal Injury Trust Agreement and the Asbestos Personal Injury Trust Distribution Procedures:*

    i     *commencing, conducting, or continuing in any manner, directly, indirectly or derivatively, any suit, action, or other proceeding of any kind (including a judicial, arbitration, administrative, or other proceeding) in any forum in any jurisdiction around the world against or affecting any Protected Party or any property or interests in property of any Protected Party;*

    ii     *enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering by any means or in any manner, whether directly or indirectly, any judgment, award, decree, or other order against any Protected Party or any property or interests in property of any Protected Party;*

    iii     *creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any Encumbrance against any Protected Party or any property or interests in property of any Protected Party;*

    iv     *setting off, seeking reimbursement of, contribution from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability owed to any Protected Party or any property or interests in property of any Protected Party; and*

    v     *proceeding in any manner in any place with regard to any matter that is within the scope of the matters designated by the Plan to be subject to resolution by the Asbestos Personal Injury Trust, except in conformity and compliance with the Asbestos Personal Injury Trust Agreement and the Asbestos Personal Injury Trust Distribution Procedures.*

*Reservations. This Asbestos Personal Injury Channeling Injunction shall not stay, restrain, bar, or enjoin:*

    i     *the rights of holders of Asbestos Personal Injury Claims to assert Asbestos Personal Injury Claims against the Asbestos Personal Injury Trust in accordance with the Asbestos Personal Injury Trust Distribution Procedures; and*

    ii     *the rights of Entities to assert any Claim, debt, obligation, or liability for payment of Asbestos Personal Injury Trust Expenses against the Asbestos Personal Injury Trust.*

### E.   RELEASES BY THE DEBTOR AND ITS ESTATE AND RELATED INJUNCTION

50.     As set forth in Section 10.5(a) of the Plan, except as otherwise expressly provided in the Plan and this Confirmation Order, on the Effective Date, for good and valuable consideration, the adequacy of which is confirmed by this Confirmation Order, Yarway, Reorganized Yarway, and any Entity seeking to exercise the rights of the Estate, in each case, whether individually or collectively, including, without limitation, any successor to Yarway or any Estate representative appointed or selected pursuant to the applicable provisions of the Bankruptcy Code, shall, and shall be deemed to, completely and forever release, waive, and discharge unconditionally the Tyco Released Parties from any and all claims, obligations, suits, judgments, remedies, damages, Demands, debts, rights, Causes of Action and liabilities which any of Yarway, Reorganized Yarway, or the Estate is entitled to assert, whether known or unknown, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, whether direct, indirect, or derivative, based upon, attributable to, or arising out of, in whole or in part, any act or omission, transaction, or occurrence taking place on or prior to the Effective Date (including prior to the Petition Date) (other than the rights under the Plan, the Plan Documents, and the contracts, instruments, releases, and other agreements or documents delivered or to be delivered under the Plan), including, without limitation, the Tyco Released Party Claims.

51.     As set forth in Section 10.5(b) of the Plan, except as otherwise expressly provided in the Plan and this Confirmation Order, on the Effective Date, for good and valuable consideration, the adequacy of which is confirmed by this Confirmation Order, Yarway, Reorganized Yarway, and any Entity seeking to exercise the rights of the Estate, in each case whether individually or collectively, including, without limitation, any successor to Yarway or

any Estate representative appointed or selected pursuant to the applicable provisions of the

Bankruptcy Code, shall, and shall be deemed to, completely and forever release, waive and

discharge unconditionally the Released Parties (other than the Tyco Released Parties, which

Parties are the subject of Section 10.5(a) of the Plan) from any and all claims, obligations, suits,

judgments, remedies, damages, Demands, debts, rights, Causes of Action and liabilities which

any of Yarway, Reorganized Yarway, or the Estate is entitled to assert, whether known or

unknown, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or

unmatured, existing or hereafter arising, in law, equity or otherwise, whether direct, indirect, or

derivative, based upon, attributable to, arising out of, in whole or in part, any act or omission,

transaction, or occurrence taking place on or prior the Effective Date (including prior to the

Petition Date) (other than the rights under the Plan, the Plan Documents, and the contracts,

instruments, releases and other agreements or documents delivered or to be delivered under the

Plan); provided, however, that nothing contained in Section 10.5(b) of the Plan is intended to

operate as a release of any liability based upon gross negligence or willful misconduct as

determined by a Final Order.

     52.     As set forth in Section 10.5(c) of the Plan, except as provided in the Plan

or this Confirmation Order, Yarway, Reorganized Yarway, and any Entity seeking to exercise

the rights of the Estate, in each case, whether individually or collectively, including, without

limitation, any successor to Yarway or any Estate representative appointed or selected pursuant

to the applicable provisions of the Bankruptcy Code, are permanently enjoined from taking any

of the following actions on account of or based upon any and all Claims, obligations, suits,

judgments, remedies, damages, Demands, debts, rights, Causes of Action and liabilities released

pursuant to Section 10.5 of the Plan and/or the Yarway Release: (a) commencing or continuing

any action or other proceeding against the Released Parties or the Tyco Released Parties or their respective property; (b) enforcing, attaching, collecting or recovering any judgment, award, decree or order against the Released Parties or the Tyco Released Parties or their respective property; (c) creating, perfecting or enforcing any Encumbrance against the Released Parties or the Tyco Released Parties or their respective property; (d) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Released Parties or the Tyco Released Parties or against their respective property; and (e) commencing or continuing any action, in any manner and in any place in the world, against the Released Parties or the Tyco Released Parties that does not comply with or is inconsistent with the provisions of the Plan or this Confirmation Order.

## F.    WAIVER OF CALIFORNIA CIVIL CODE TO THE EXTENT APPLICABLE

53.    As set forth in Section 10.6 of the Plan, though Yarway does not believe that California law is applicable to the Plan, Yarway waives the effect of section 1542 of the California Civil Code to the extent that such section is applicable to Yarway or the Estate.

**Section 1542 of the California Civil Code provides:**

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Section 10.6 of the Plan provides:

> **YARWAY AGREES TO ASSUME THE RISK OF ANY AND ALL UNKNOWN, UNANTICIPATED OR MISUNDERSTOOD DEFENSES, CLAIMS, CAUSES OF ACTION, CONTRACTS, LIABILITIES, INDEBTEDNESS AND OBLIGATIONS WHICH ARE RELEASED BY THE PLAN AND YARWAY HEREBY WAIVES AND RELEASES ALL RIGHTS AND BENEFITS WHICH IT OR THE ESTATE MIGHT OTHERWISE HAVE UNDER THE AFOREMENTIONED SECTION 1542 OF THE CALIFORNIA CIVIL CODE WITH REGARD TO THE RELEASE**

OF SUCH UNKNOWN, UNANTICIPATED OR MISUNDERSTOOD DEFENSES, CLAIMS, CAUSES OF ACTION, CONTRACTS, LIABILITIES, INDEBTEDNESS AND OBLIGATIONS. TO THE EXTENT (IF ANY) ANY OTHER LAWS SIMILAR TO SECTION 1542 OF THE CALIFORNIA CIVIL CODE MAY BE APPLICABLE, YARWAY WAIVES AND RELEASES ANY BENEFIT, RIGHT OR DEFENSE WHICH IT OR THE ESTATE MIGHT OTHERWISE HAVE UNDER ANY SUCH LAW WITH REGARD TO THE RELEASE OF UNKNOWN, UNANTICIPATED OR MISUNDERSTOOD DEFENSES, CLAIMS, CAUSES OF ACTION, CONTRACTS, LIABILITIES, INDEBTEDNESS AND OBLIGATIONS

## G.    RELEASES BY HOLDERS OF CLAIMS

54.    As set forth in Section 8.3(g) of the Plan, in connection with the resolution of Asbestos Personal Injury Claims, the Asbestos Personal Injury Trust Distribution Procedures shall provide on the Effective Date, and shall not thereafter cease to provide, that all holders of Asbestos Personal Injury Claims shall execute an Asbestos Personal Injury Claimant Release as a precondition to receiving payment on account of their Asbestos Personal Injury Claims from the Asbestos Personal Injury Trust.  The Asbestos Personal Injury Claimant Release shall be substantially in the form attached to the Plan as Exhibit I, and shall not be amended after the Effective Date without the consent of Tyco and Yarway.  The Asbestos Personal Injury Trust Distribution Procedures also provide that, in addition to the Asbestos Personal Injury Claimant Release, all holders of Asbestos Personal Injury Claims shall execute a release with respect to the Asbestos Personal Injury Trust and its related parties in a form to be determined by the Asbestos Personal Injury Trustee with the consent of the Asbestos Personal Injury Trust Advisory Committee and the Post-Effective Date Future Claimants' Representative.

## H.    TERM OF INJUNCTIONS AND AUTOMATIC STAY

### 11.    Injunctions and/or Stays in Existence Immediately Prior to Confirmation

55.    All of the injunctions and/or stays in existence immediately prior to the Confirmation Date provided for in or in connection with the Chapter 11 Case, whether pursuant

to section 105, 362, or any other provision of the Bankruptcy Code, the Bankruptcy Rules or

other applicable law, shall remain in full force and effect until the injunctions set forth in the

Plan become effective pursuant to a Final Order, and shall continue to remain in full force and

effect thereafter as and to the extent provided by the Plan, this Confirmation Order, or by their

own terms.  Upon effectiveness of the injunctions set forth in the Plan, the automatic stay

imposed by section 362 of the Bankruptcy Code shall be terminated.  In addition, on and after

the Confirmation Date, Reorganized Yarway may seek such further orders as it may deem

necessary or appropriate to preserve the status quo during the time between the Confirmation

Date and the Effective Date.

### 12.    Injunctions Provided for in the Plan or Confirmation Order

56.    Each of the injunctions contained in the Plan or this Confirmation Order

shall become effective on the Effective Date and shall continue in effect at all times thereafter

unless otherwise provided in the Plan or this Confirmation Order.

## VI.    EXCULPATION AND INDEMNIFICATION PROVISIONS
### A.    EXCULPATION

57.    As set forth in Section 10.4 of the Plan, none of the Exculpated Parties

shall have or incur any liability to any Entity for any act or omission in connection with, related

to, or arising out of: (a) the Chapter 11 Case; (b) negotiation, formulation, and preparation of the

Plan and the other Plan Documents, and any of the terms and/or settlements and compromises

reflected in the Plan and the other Plan Documents; (c) pursuit of confirmation of the Plan; (d)

consummation of the Plan, or administration of the Plan or the property to be distributed under

the Plan or the Asbestos Personal Injury Trust Distribution Procedures; (e) the releases and

injunctions contained in the Plan; or (f) the management or operation of Yarway, except for any

liability that results primarily from such Entity's willful misconduct or gross negligence as

25

determined by a Final Order, and, in all respects, Yarway, Reorganized Yarway, and each of the other Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities in and under the Chapter 11 Case, the Plan, and the Plan Documents. Without limiting the generality of the foregoing, the Exculpated Parties shall be entitled to and granted the protections and benefits of section 1125(e) of the Bankruptcy Code.

### B.    INDEMNIFICATION OBLIGATIONS

58.    As set out in Section 10.8(a) of the Plan, as of the Effective Date, both Reorganized Yarway and the Asbestos Personal Injury Trust shall, pursuant to the Asbestos Claims Indemnification Agreement, indemnify, release, and hold harmless each of the Non-Debtor Affiliates (as defined in the Plan)[3] and the Representatives of Yarway, Reorganized Yarway, and the Non-Debtor Affiliates in respect of any liability, obligation, fee, judgment, settlement, or expense, including, without limitation, legal fees and expenses, arising from or incurred in connection with any action based upon, attributable to, or arising out of an Asbestos Personal Injury Claim, or any violation of the Asbestos Personal Injury Channeling Injunction by any Entity.

59.    The obligations of Yarway to indemnify and reimburse persons who are or were directors, officers, or employees of Yarway on the Petition Date or at any time thereafter against and for any obligations as provided in Yarway's certificate of incorporation, by-laws, applicable state law, or other agreement, or any combination of the foregoing, shall survive

---

[3] Non-Debtor Affiliates is defined in the Plan to mean Tyco and all current and former Affiliates of Tyco other than Yarway, and any of their successors or assigns, solely in their capacity as such. For the avoidance of doubt, Non-Debtor Affiliates shall include, without limitation, (i) Pentair Ltd. (f/k/a Tyco Flow Control International Ltd. and as predecessor-by-merger to Pentair plc), (ii) Covidien plc (f/k/a Tyco Healthcare Ltd.), (iii) TE Connectivity Ltd. (f/k/a Tyco Electronics Ltd.), (iv) The ADT Corporation, (v) Grinnell Corporation, (vi) Mueller Company, (vii) Anderson, Greenwood & Co., (viii) Kunkle Valve Company Inc., and (ix) The Henry Pratt Company, and any of their Affiliates.

confirmation of the Plan, remain unaffected thereby, and not be discharged in accordance with section 1141 of the Bankruptcy Code, irrespective of whether indemnification or reimbursement is owed in connection with an event occurring before, on, or after the Petition Date.  Such obligations shall be assumed by Reorganized Yarway on the Effective Date.  In furtherance of the foregoing, Reorganized Yarway shall use its commercially reasonable efforts to maintain or procure, as of the Effective Date, insurance for the benefit of such directors, officers, or employees at levels satisfactory to Reorganized Yarway and the Asbestos Personal Injury Trust.

## VII.    ISSUES RELATED TO THE PLAN AND OBJECTIONS TO CONFIRMATION

60.    No objections were received to confirmation of the Plan.

## VIII.    RETENTION OF JURISDICTION BY THE BANKRUPTCY COURT

61.    The Bankruptcy Court shall retain jurisdiction in the Chapter 11 Case as set forth in Section 12.1 of the Plan.

## IX.    NOTICE OF ENTRY OF CONFIRMATION ORDER

62.    Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), Reorganized Yarway is authorized and directed to serve, within 10 days after the occurrence of the Effective Date, a notice of the entry of this Confirmation Order, which shall include notice of the bar date for Administrative Expense Claims, including Professional Fee Claims, established by the Plan and this Confirmation Order; notice of the issuance of the Yarway Discharge Injunction and the Asbestos Personal Injury Channeling Injunction; notice of the Effective Date; notice of affirmance of the Confirmation Order by the District Court; and notice of substantial consummation of the Plan, substantially in the form of Exhibit B attached hereto and incorporated herein by reference (the "Confirmation Notice"), on all parties that received notice of the Confirmation Hearing, including, without limitation, the various counsel to holders of Asbestos Personal Injury Claims; provided, however, that Reorganized Yarway is authorized and

directed to serve the Confirmation Notice directly on those holders of Asbestos Personal Injury Claims that received solicitation packages directly from the Debtor pursuant to the terms of the Solicitation Procedures Order.

## X.     PAYMENT OF FEES

63.     All fees payable pursuant to section 1930 of title 28 of the United States Code, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid on the Effective Date if then due.  Thereafter, Yarway and/or Reorganized Yarway shall continue to pay such fees and make such reports as required under Fed. R. Bankr. P. 2015 and the U.S. Trustee Guidelines until the case is converted, dismissed, or final decreed and closed.

## XI.    EFFECT OF REVERSAL

64.     If any or all provisions of this Confirmation Order are reversed, modified, or vacated by subsequent order, such act shall not affect the validity of acts or obligations taken or incurred under the Plan, Plan Documents, or this Confirmation Order prior to provision to the Plan Proponents of notice of such reversal, modification, or vacatur.  Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

## XII.   NO JUST CAUSE FOR DELAY

65.     The Bankruptcy Court determines that there is no just cause for delay, and that this Confirmation Order shall take effect immediately upon entry, notwithstanding anything to the contrary in Federal Rules of Bankruptcy Procedure 3020(e) or 7062(a).

## XIII.    REPORT AND RECOMMENDATION TO THE DISTRICT COURT

66.    To the extent required under 28 U.S.C. § 157(d), the Bankruptcy Court hereby reports to the District Court and recommends that the District Court enter an order issuing and affirming the Asbestos Personal Injury Channeling Injunction set forth in the Plan and paragraph 49 (Asbestos Personal Injury Channeling Injunction) of this Confirmation Order and adopting the Findings of Fact and Conclusions of Law incorporated by reference herein with respect to compliance with the requirements of section 524(g) pursuant to section 524(g)(3) of the Bankruptcy Code.

## XIV.    RECORDATION

**THIS ORDER IS HEREBY DECLARED TO BE IN RECORDABLE FORM AND SHALL BE ACCEPTED BY ANY RECORDING OFFICER FOR FILING AND RECORDING PURPOSES WITHOUT FURTHER OR ADDITIONAL ORDERS, CERTIFICATIONS, OR OTHER SUPPORTING DOCUMENTS.**

Dated:    Wilmington, Delaware
         April 8, 2015

The Honorable Brendan L. Shannon
Chief United States Bankruptcy Judge